# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| MARY WEBB, individually, and on behalf of a class of similarly situated individuals, | )<br>)<br>) |
| Plaintiffs, | ) Case No.: 1:11-cv-4141<br>) |
| v. | ) Judge Joan H. Lefkow<br>) Magistrate Judge Sidney I. Schenkier |
| CLEVERBRIDGE, INC., a Delaware Corporation, and UNIBLUE SYSTEMS LTD., a Maltese company, | )<br>)<br>) |
| Defendants. | ) |

## DEFENDANT cleverbridge, INC.'S MEMORANDUM OF LAW
## IN SUPPORT OF ITS MOTION TO DISMISS

### INTRODUCTION

Plaintiff Mary Webb, a Maryland citizen, brings this putative class action against Defendants cleverbridge, Inc.,[1] a Delaware corporation with its principal place of business located in Chicago, and Uniblue Systems LTD ("Uniblue"), a Malta company with its headquarters located in Malta. The gravamen of Plaintiff's claim is that Uniblue allegedly misrepresents the utility of its software products (specifically a product called "Registry Booster") and engages in misleading practices and false advertising to induce customer purchases. It is further alleged that cleverbridge, Inc. facilitates the sales of Uniblue's products in the United States by providing reseller and credit card processing services. cleverbridge, Inc. supposedly does not honor Uniblue's refund and support policies, and imposes additional charges on customers through a "negative option" automatic renewal service.

---

[1] The use of a lower case "c" in the name "cleverbridge, Inc." is intentional, as this is how the company has chosen to refer to itself.

However, cleverbridge, Inc. does not normally handle transactions involving Uniblue products. Its German parent company, cleverbridge AG normally handles Uniblue transactions. cleverbridge, Inc. had no involvement in Plaintiff Mary Webb's purchase of any Uniblue product, and has no contractual or other relationship with her. (Deist Decl., ¶¶ 3, 4.)

It is well established that standing under Article III of the Constitution is a threshold issue that requires the named Plaintiff to suffer a specific injury caused by each defendant. Plaintiff Webb cannot satisfy the Article III standing requirement as to cleverbridge, Inc. Because Plaintiff lacks standing to assert claims against cleverbridge, Inc., the Complaint as to cleverbridge, Inc. should be dismissed for lack of subject matter jurisdiction pursuant to Rule 12(b)(1).

## BACKGROUND

**A.     Nature of the Action.**

On May 19, 2011, Plaintiff Mary Webb, a Maryland citizen, filed a Class Action Complaint naming as defendants Uniblue Systems LTD., a Maltese company, and cleverbridge, Inc., a Delaware corporation with its principal place of business located in Chicago. (Compl. ¶ 1.) cleverbridge, Inc. is a wholly-owned subsidiary of cleverbridge AG, a German company with its headquarters located in Cologne, Germany. (Deist Decl., ¶ 2.) Plaintiff alleges that Uniblue sells a product called "Registry Booster," a software program that allegedly tells users if their computer has any "system errors." (Compl. ¶ 5.) Plaintiff claims that Registry Booster always tells a user that their computer has errors, regardless of whether such errors exist or not. (*Id.*, ¶ 18.) cleverbridge, Inc. allegedly provides customer service for Uniblue. (*Id.*, ¶ 2.) Plaintiff alleges that when consumers purchase software from Uniblue, cleverbridge, Inc. imposes

an additional fee that is charged to the customer's credit cards each year pursuant to a "negative option" arrangement. (*Id.*, ¶¶ 28, 30.)

The Complaint alleges nine causes of action based upon defendants' alleged conduct, and is brought on behalf of a putative nationwide class and subclasses. Three causes of action are asserted only against Uniblue -- breach of express warranties under 810 ILCS 5/2-313 (Count I), fraudulent concealment (Count 3) and intentional misrepresentation (Count 4). Two causes of action are asserted only against cleverbridge, Inc.-- violation of the Illinois Electronic Funds Transfer Act, 205 ILCS 616/1 (Count 8) and violation of the Automatic Contract Renewal Act, 815 ILCS 505/1 (Count 9.) Four causes of action are alleged against both defendants -- violation of the Illinois Consumer Fraud Act (Count 2), breach of contract (Count 5), breach of the implied covenant of good faith and fair dealing (Count 6), and unjust enrichment (Count 7).

On June 17, 2011, within 30 days of the filing of the Complaint, Defendant cleverbridge, Inc. filed a Notice of Removal pursuant to the Class Action Fairness Act.

### B. Defendant cleverbridge, Inc. Was Not Involved In Plaintiff Mary Webb's Purchase Of Any Uniblue Products.

Defendant cleverbridge, Inc. is a wholly-owned subsidiary of cleverbridge AG, a German company based in Germany. cleverbridge AG generally handles sales of Uniblue products into the United States, with the exception of approximately 330 sales that were handled by cleverbridge, Inc. due to an inadvertent computer system setting. (Deist Decl., ¶ 3.) cleverbridge, Inc.'s records do not indicate that Plaintiff Mary Webb ever purchased any Uniblue product through cleverbridge, Inc. (*Id.*, ¶ 4.)

## ARGUMENT

"Lack of subject matter jurisdiction is appropriately raised in a motion to dismiss under Fed. R. Civ. P. 12(b)(1) . . . ." *MSA Realty Corporation v. State of Illinois*, 794 F. Supp. 267, 270 (N.D. Ill. 1992), citing *Barnhart v. United States,* 884 F.2d 295, 296 (7th Cir. 1989), *cert. denied*, 495 U.S. 957 (1990). "[I]f the complaint is formally sufficient but the contention is that there is *in fact* no subject matter jurisdiction, the movant may use affidavits and other material to support the motion." *United Phosphorus, Ltd. v. Angus Chemical Company*, 322 F.3d 942, 946 (7th Cir. 2003) (emphasis in original). "[T]he district court may properly look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists." *Apex Digital, Inc. v. Sears, Roebuck & Co.*, 572 F. 3d 440, 444 (7th Cir. 2009), quoting *Evers v. Astrue*, 536 F.3d 651, 656-57 (7th Cir. 2008). Once questioned, it is plaintiff's burden to "support its allegation with competent proof of jurisdictional facts." *Western Transportation Co. v. Couzens Warehouse & Distributors, Inc.*, 695 F.2d 1033, 1038 (7th Cir. 1982). "[N]o presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Id.* "If a plaintiff fails to meet the minimum constitutional requirements for standing, . . . the district court must dismiss the action for failure of subject matter jurisdiction." *Hope, Inc. v. The County of DuPage, Illinois*, 738 F.2d 797, 804 (7th Cir. 1984).

### A. Plaintiff Must Have Been Injured In Fact By Each Defendant To Establish Standing.

Article III standing involves a threshold inquiry into whether a federal court has the power to hear the suit before it. *Warth v. Seldin,* 422 U.S. 490, 498 (1975). "[A]t an irreducible minimum, Art. III requires the party who invokes the court's authority to 'show that he personally has suffered some actual or threatened injury as a result of the putatively illegal conduct of the defendant . . . .'" *Valley Forge Christian College v. Americans United For Separation of Church And State, Inc.*, 454 U.S. 464, 472 (1982). To establish constitutional standing, the plaintiff must make a three-part showing: "(1) the party must personally have suffered an actual or threatened injury casued by the defendant's allegedly illegal conduct, (2) the injury must be fairly traceable to the defendant's challenged conduct, and (3) the injury must be one that is likely to be redressed through a favorable decision." *Sanner v. Board of Trade of the City of Chicago*, 62 F.3d 918, 922 (7th Cir. 1995) (citations omitted). "[A] plaintiff . . . must have individual standing to assert the claims in the complaint against each defendant being sued by him." *Dziennik v. Sealift, Inc.*, No. 05-CV-4659 (DLI) (MDG), 2006 WL 4586140, at *2 (E.D.N.Y. Aug. 30, 2006) (citation omitted). A plaintiff lacks standing against a defendant where plaintiff's injury is the "result [of] the independent action of some third party." *Lujan v. Defenders Woldlife*, 504 U.S. 555, 556 (1992).

### B. The Named Plaintiff Cannot Evade The Standing Requirement By Merely Alleging That She Represents A "Class."

"The Article III standing inquiry remains the same even if the case is proceeding as a class action[.]" *Schultz v. The Prudential Ins. Co. of America,* 678 F. Supp. 2d 771, 782 (N.D. Ill. 2010) (citing *Simon v. Eastern Kentucky Welfare Rights Org.*, 426 U.S. 26, 40 n.20 (1976).) "That a suit may be a class action . . . adds nothing to the question of

standing, for even named plaintiffs who represent a class 'must allege that they personally have been injured, not that injury has been suffered by other, unidentified members of the class to which they belong and which they purport to represent.'" *Lewis v. Casey*, 518 U.S. 343, 357 (1996); *see also Henry v. Circus Circus Casinos Inc.*, 223 F.R.D. 541, 544 (D. Nev. 2004) (granting motion to dismiss for lack of standing and holding "to establish Article III standing in a class action, at least one named plaintiff must have standing in his own right to assert a claim against each named defendant before he may purport to represent a class claim against that defendant").

For example the Seventh Circuit affirmed dismissal of named plaintiffs' claims in a class action against a defendant because there were no dealings between plaintiffs and that defendant. *Weit v. Continental Illinois Nat. Bank and Trust Co. of Chicago*, 641 F.2d 457, 469 (7th Cir. 1981). Plaintiffs were charge cardholders who asserted claims of interest rate fixing against several banks, including defendants Continental Illinois National Bank & Trust Company of Chicago ("Continental") and Pullman Bank and Trust Company ("Pullman"). *Id.* at 458. Although plaintiffs were cardholders of cards issued by Continental, they nonetheless asserted claims against Pullman. *Id.* at 468. The court noted that "a plaintiff in any lawsuit must show that he has sustained or is in immediate danger of sustaining some direct injury from the defendant's actions." *Id.* at 469. The court held that plaintiffs, who were not cardholders of Pullman cards, failed to "establish a sufficient nexus between [Pullman's] alleged actions and an injury to plaintiffs." The court reasoned that:

> The named plaintiffs are cardholders of only Continental's . . . chargecards. The fact that they purport to represent Pullman cardholders who would have standing to complain of a vertical conspiracy between Pullman and its correspondents cannot create standing to bring an action.

> If plaintiffs lack the requisite stake in a controversy at the time the complaint is filed, they may not bootstrap that element into their claim by means of class action certification . . . . The District Court correctly concluded "the named defendants could not have been injured by any conspiracy between Pullman and its correspondents and lack standing to raise any claim against Pullman."

*Id.* (citation omitted).

As additional support, *Aguilar v. Allstate Fire and Cas. Ins. Co.*, No. Civ. A. 06-4660, 2007 WL 734809, at *5 (E.D. La. Mar. 6, 2007) is instructive. In *Aguilar*, the named plaintiffs brought a class action against Allstate Fire and Casualty Insurance Company ("Allstate Fire"), Allstate Indemnity Company, Allstate Insurance Company, and Allstate Property and Casualty Insurance Company ("Allstate Property") for failure to provide certain property insurance coverage under a number of different causes of action. *Id.* Like the Plaintiff here, the plaintiffs in *Aguilar* only contracted with certain Allstate defendants. *Id.* The non-contracting defendants in *Aguilar* (Allstate Fire and Allstate Property) moved to dismiss for, *inter alia*, lack of standing. The *Aguilar* court dismissed the action against Allstate Fire and Allstate Property, stating:

> The plaintiffs' concession **that none of the named plaintiffs were insured by either Allstate Fire and Casualty or Allstate Property and Casualty is a concession that they lack standing to sue those defendants**. And their attempts to establish Article III standing "through the backdoor of a class action" is unavailing.

*Id.* (quoting *Henry*, 223 F.R.D. at 544) (emphasis added).

Likewise, *In re Salomon Smith Barney Mut. Fund Fees Litig.*, 441 F. Supp. 2d 579, 607-08 (S.D.N.Y. 2006) is instructive. *Salomon* involved a class action seeking to recover damages based on a purported nationwide fraudulent scheme between Salomon Smith Barney ("SSB") and a number of related investment advisors, brokers, and

individual defendants to steer plaintiffs to invest in one, or more, of SSB's eighty-eight ("88") mutual funds, instead of better performing funds. *Id.* at 583-84. SSB purportedly used unlawful kickback arrangements and other undisclosed incentives to encourage the defendants to promote SSB's 88 mutual funds. *Id.* The named plaintiffs purchased shares in twenty of the mutual funds offered by SSB and sued on behalf of a putative class that included purchasers of all 88 SSB mutual funds. *Id.* at 583. The defendants moved to dismiss for lack of standing with respect to the sixty-eight SSB mutual funds that none of the named plaintiffs had purchased. *Id.* at 604-05. The *Salomon* court granted defendants' motion to dismiss stating: "[w]ith regard to the sixty-eight funds of which Plaintiffs own no shares, Plaintiffs do not have standing to assert any claims because Plaintiffs cannot satisfy the standing requirements." *Id.* at 607, citing *Lujan*, 504 U.S. at 560-61. Thus, the *Salomon* court "dismiss[ed] from the action those [defendants] whose only connection is to Funds in which the Plaintiffs own no shares." *Id.* at 608.

### C. Plaintiff Webb Cannot Demonstrate That She Suffered Any Injury In Fact Caused By Defendant cleverbridge, Inc.

Here, Plaintiff lacks standing to sue cleverbridge, Inc. Although she alleges that cleverbridge, Inc. facilitates Uniblue's sales in the United States (Compl. ¶ 2), in fact it is cleverbridge, Inc.'s parent company, cleverbridge AG, that generally fulfills that function. (Deist Decl., ¶ 3.) Further, cleverbridge, Inc.'s records do not indicate that it ever was involved in, or facilitated, a purchase transaction with Plaintiff Mary Webb for any Uniblue product. (*Id.*, ¶ 4.)

The complete absence of any involvement or dealings between Plaintiff and cleverbridge, Inc. clearly demonstrates that there is no "case or controversy" between Plaintiff and cleverbridge, Inc. Accordingly the Court lacks subject matter jurisdiction

over any claims asserted against cleverbridge, Inc. *See*, *e.g.*, *Hope, Inc.*, 738 F.2d at 807 (that low and moderate income plaintiffs lacked standing where they were "unable to allege, much less prove, . . . a single instance wherein [defendant] ha[d] denied a zoning variance or a special-use permit for proposed low or moderate income housing"); *In re Folding Carton Antitrust Litigation*, 88 F.R.D. 211, 220 (N.D. Ill. 1980) ("we hold that the . . . plaintiffs do not have standing to sue the defendants from whom they did not purchase folding cartons for damages allegedly sustained on purchases from non-defendants"); *In re Pfizer Inc. Erisa Litig.*, No. 04 Civ. 10071 (LTS)(JFE), 2009 WL 749545, at *5 (S.D.N.Y. Mar. 20, 2009) (granting 12(b)(1) motion to dismiss because "Plaintiffs lack standing to pursue their claims regarding the Puerto Rico Plans, as none of the Plaintiffs is alleged to have been a participant in any of the Puerto Rico Plans").

## CONCLUSION

"[W]hen a federal court concludes that it lacks subject-matter jurisdiction, the court **must dismiss** the complaint." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006) (emphasis added). For the reasons set forth above, Defendant cleverbridge, Inc.'s motion to dismiss should be granted.

Dated: June 23, 2011	Respectfully submitted,

By:   /s/Robert H. King, Jr.
   One of the attorneys for
   Defendant cleverbridge, Inc.

Robert H. King, Jr. (ARDC # 3122382)
Christopher Q. King (ARDC # 6189835)
Mark Hanover (ARDC # 6216201)
Jacque McCray (ARDC # 6285013)
SNR Denton US LLP
233 South Wacker Drive, Suite 7800
Chicago, Illinois 60606
Tel. (312) 876-8000
Fax: (312) 876-7934

# CERTIFICATE OF SERVICE

I, Robert H. King, Jr., an attorney, hereby certify that on June 23, 2011, I have caused a copy of the foregoing **DEFENDANT cleverbridge, INC.'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS** to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to attorneys of record:

> Jay Edelson
> William C. Gray
> Ari J. Scharg
> EDELSON McGUIRE, LLC
> 350 North LaSalle
> Suite 1300
> Chicago, Illinois 60654

           /s/Robert H. King, Jr.
           Robert H. King, Jr.