

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| MARY WEBB, JOSEPH BERKOSKI, and STACY PLUEBELL, individually and on behalf of a class of similarly situated individuals, | ) ) ) ) Case No. 1:11-cv-04141 |
| Plaintiffs, | ) ) ) |
| v. | ) [Hon. Joan H. Lefkow] ) |
| CLEVERBRIDGE, INC., a Delaware corporation, and CLEVERBRIDGE AG, a German company, and UNIBLUE SYSTEMS, LTD., a Maltese company, | ) ) ) ) ) |
| Defendants. | ) ) |

## [PROPOSED] PRELIMINARY APPROVAL ORDER

This matter having come before the Court on Plaintiffs' Combined Motion to Vacate Court Order of July 12, 2012 and for Preliminary Approval of Class Action Settlement between Plaintiffs Mary Webb, Joseph Berkoski, and Stacy Pluebell (collectively, the "Plaintiffs"), and Defendants cleverbridge, Inc. and cleverbridge AG. (collectively, "cleverbridge"), and Uniblue Systems, Ltd. ("Uniblue") (cleverbridge and Uniblue may be collectively referred to as "Settling Defendants"), pursuant to the Class Action Settlement Agreement and Release between Plaintiffs and Defendants (the "Agreement"), and the Court having duly considered the papers and arguments of counsel, the Court hereby finds and orders as follows:

1. Unless defined herein, all defined terms in this Order shall have the respective meanings ascribed the same terms in the Agreement.

2. The Court has conducted a preliminary evaluation of the settlement set forth in the Agreement for fairness, adequacy, and reasonableness. Based on this preliminary evaluation, the Court finds that (i) there is probable cause to believe that the settlement is fair, reasonable,

1

and adequate, (ii) the settlement has been negotiated in good faith at arm's length between experienced attorneys familiar with the legal and factual issues of this case, and (iii) the settlement warrants notice of the material terms of the settlement to Settlement Class members for their consideration and reaction. Therefore, the Court grants preliminary approval of the settlement.

3. Pursuant to Federal Rule of Civil Procedure 23(b)(3), and for settlement purposes only, the Court conditionally certifies the proposed Settlement Class, consisting of:

> All individuals who have purchased, or have been charged for, a Software Product in the United States, its territories, or the District of Columbia from either cleverbridge Inc. or cleverbridge AG, as either a seller or reseller, during the period July 1, 2008 to August 23, 2012.

4. For settlement purposes only, the Court hereby preliminarily approves the appointment of Plaintiffs Mary Webb, Joseph Berkoski, and Stacy Pluebell, as Class Representatives.

5. For settlement purposes only, the Court hereby preliminarily approves the appointment of the following attorneys as Settlement Class Counsel:

> Jay Edelson
> Rafey S. Balabanian
> Ari J. Scharg
> Chandler R. Givens
> EDELSON MCGUIRE, LLC
> 350 North LaSalle Street, Suite 1300
> Chicago, Illinois 60654

6. On December 6, 2012 at 8:30 a.m., or at such other date and time later set by Court Order, this Court will hold a Fairness Hearing on the fairness, adequacy, and reasonableness of the Agreement, and to determine whether (a) final approval of the settlement should be granted, and (b) Settlement Class Counsel's application for attorneys' fees and expenses, and an incentive award to Plaintiffs, should be granted, and in what amount. No later

than November 29, 2012, Plaintiffs must file their papers in support of final settlement approval and in response to any objections, as well as Settlement Class Counsel's application for attorneys' fees and expenses. Settling Defendants may (but are not required to) file papers in support of final settlement approval, so long as they do so no later than November 29, 2012.

7. Pursuant to the Agreement, Epiq Systems, Inc. is hereby appointed as Claims Administrator and shall be required to perform all the duties of the Claims Administrator as set forth in the Agreement and this Order. To aid in the efficient submission of claims, the Agreement provides for claimants to submit claims online without the need for a manual signature. However, by submitting an online claim form, such claimants shall be bound to the same extent as if they had used a manual signature.

8. The Court approves the proposed plan for giving direct notice to the Settlement Class by e-mail and establishing a settlement website, as more fully described in the Agreement. The plan for giving notice, in form, method, and content, fully complies with the requirements of Rule 23 and due process, constitutes the best notice practicable under the circumstances, and is due and sufficient notice to all persons entitled thereto. The Court hereby directs the Parties and Claims Administrator to complete all aspects of the notice plan no later than September 13, 2012.

9. All persons who meet the definition of the Settlement Class and who wish to exclude themselves from the Settlement Class must submit their Request for Exclusion in writing, identifying the case name *Webb, et al. v. cleverbridge, Inc., et al.*, No. 1:11-cv-04141, and state the name, address, and phone number of the Settlement Class member(s) seeking exclusion. Each request must also contain a signed statement that: "I/We hereby request to be excluded from the proposed Settlement Class in the case *Webb, et al. v. cleverbridge, Inc., et al.*"

The request must be mailed to the Claims Administrator at the address provided in the Notice and postmarked no later than October 26, 2012. A request for exclusion that does not include all of the foregoing information, that is sent to an address other than the one designated in the Notice, or that is not received within the time specified, shall be invalid and the person(s) serving such a request shall be deemed a member(s) of the Settlement Class, and shall be bound as a Settlement Class Member(s) by the Settlement. The Claims Administrator shall promptly forward copies of all requests for exclusion to Settlement Class Counsel and Settling Defendants' Counsel.

10. Any member of the Settlement Class may comment in support of or in opposition to the Settlement; *provided, however,* that all comments and objections must be filed with the Court and received by Settlement Class Counsel and Settling Defendants' Counsel prior to the Fairness Hearing. A Settlement Class member who objects to the settlement need not appear at the Fairness Hearing for his or her comment to be considered by the Court; however, all arguments, papers, briefs, and any evidence that any objector would like the Court to consider ("Objections") must be filed with the Court, with a copy postmarked to Settlement Class Counsel and Settling Defendants' Counsel, no later than October 26, 2012. All Objections shall include the caption *Webb, et al. v. cleverbridge, Inc., et al.,* No. 1:11-cv-04141, and provide: (a) the Settlement Class member's full name and current address; (b) a signed declaration that he or she is a member of the Settlement Class; (c) the specific grounds for the objection; (d) all documents or writings that such Settlement Class Member desires the Court to consider, and (e) a notice of intention to appear (if any).

11. Any Settlement Class member who fails to object in the manner prescribed herein shall be deemed to have waived his or her objections and forever be barred from making any

such objections in this action or in any other action or proceeding. While the declaration described in subparagraph 10(b) is *prima facie* evidence that the objector is a member of the Settlement Class, Plaintiffs or Settling Defendants or both may take discovery regarding the matter, subject to Court approval. If a Settlement Class member does not submit a written comment on the proposed settlement or the application of Settlement Class Counsel for attorneys' fees and expenses in accordance with the deadline and procedure set forth in the Notice, and the Settlement Class member is not granted relief by the Court, the Settlement Class member will waive his or her right to be heard at the Fairness Hearing.

12. The Agreement and the proceedings and statements made pursuant to the Agreement or papers filed relating to the approval of the Agreement, and this Order, are not and shall not in any event be construed as, offered in evidence as, received in evidence as, and/or deemed to be evidence of a presumption, concession, or an admission of any kind by any o f the Parties of (i) the truth of any fact alleged or the validity of any claim or defense that has been, could have been, or in the future might be asserted in the Action, any other litigation, court of law or equity, proceeding, arbitration, tribunal, investigation, government action, administrative proceeding, or other forum, or (ii) any liability, responsibility, fault, wrongdoing, or otherwise of the Parties. Settling Defendants have denied and continue to deny the claims asserted by Plaintiffs. Nothing contained herein shall be construed to prevent a Party from offering the Agreement into evidence for the purposes of enforcement of the Agreement.

13. The certification of the Settlement Class shall be binding only with respect to the settlement of the Action. In the event that the Agreement is terminated pursuant to its terms or is not approved in all material respects by the Court, or such approval is reversed, vacated, or modified in any material respect by this or any other court, the certification of the Settlement

Class shall be deemed vacated, the Action shall proceed as if the Settlement Class had never been certified (including Settling Defendants' right to oppose any subsequent motion for class certification), and no reference to the Settlement Class, the Agreement, or any documents, communications, or negotiations related in any way thereto shall be made for any purpose.

14. The Court's July 12, 2012 Order (Dkt. No. 90), which granted preliminary approval of the initial settlement agreement between Plaintiffs on the one hand, and cleverbridge, Inc. and cleverbridge AG on the other, is hereby vacated.

**IT IS SO ORDERED** this 23rd day of August, 2012.

_____
HONORABLE JOAN H. LEFKOW
UNITED STATES DISTRICT JUDGE
AUG 23 2012