# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| MARY WEBB, JOSEPH BERKOSKI, and STACY PLUEBELL, individually and on behalf of a class of similarly situated individuals, ) ) ) ) | |
| Plaintiffs, ) | Case No. 1:11-cv-04141 |
| v. ) | Hon. Joan H. Lefkow |
| CLEVERBRIDGE, INC., a Delaware corporation, ) and CLEVERBRIDGE AG, a German company, ) and UNIBLUE SYSTEMS, LTD., a Maltese company, ) ) | |
| Defendants. ) | |

## FINAL JUDGMENT ORDER

The Court, having considered Plaintiffs' Motion for Final Approval (the "Motion for Final Approval") of the settlement (the "Settlement") of the above-captioned case ("the Litigation") brought by Plaintiffs Mary Webb, Joseph Berkoski, and Stacy Pluebell (collectively, the "Plaintiffs"), against cleverbridge, Inc. and cleverbridge AG, (collectively "cleverbridge"), and Uniblue Systems, Ltd. ("Uniblue") pursuant to the Class Action Settlement Agreement and Release dated August 22, 2012 (the "Agreement"), having considered all of the submissions and arguments with respect to the Motion for Final Approval, and having held a Fairness Hearing on December 6, 2012 finds that:

1. Unless defined herein, all capitalized terms in this Order shall have the respective meanings ascribed to the same terms in the Settlement Agreement.

2. This Court has jurisdiction over the subject matter of the Action and over all Parties to the Action, including all Settlement Class members.

3. On August 23, 2012, this Court preliminarily approved the Agreement and certified, for settlement purposes, the Settlement Class consisting of:

1

> All individuals who have purchased, or have been charged for, a Software Product in the United States, its territories, or the District of Columbia from either cleverbridge Inc. or cleverbridge AG, as either a seller or reseller, during the period July 1, 2008 to the date on which the Court entered an order preliminarily approving the settlement.

4. Notice to the Settlement Class has been provided in accordance with the Court's Preliminary Approval Order, and the substance of and dissemination program for the Notice, which included direct e-mail notice and the creation of a settlement website, fully complied with the requirements of Fed. R. Civ. P. 23 and due process, constituted the best notice practicable under the circumstances, and provided due and sufficient notice to all persons entitled to notice of the settlement of this Action.

5. The Agreement was arrived at as a result of arms-length negotiations conducted in good faith by experienced attorneys familiar with the legal and factual issues of this case, and thus, is supported by Plaintiffs and Settlement Class Counsel.

6. The settlement as set forth in the Agreement is fair, reasonable, adequate, and in the best interests of the Settlement Class in light of the complexity, expense, and duration of litigation and the risks involved in establishing liability and damages and in maintaining the class action through trial and appeal.

7. The settlement consideration provided under the Agreement constitutes fair value given in exchange for the release of the Released Claims against the Released Parties. The Court finds that the consideration to be paid to members of the Settlement Class is reasonable, considering the facts and circumstances of the claims and affirmative defenses asserted in the Action, and the potential risks and likelihood of success of alternatively pursuing trials on the merits.

8. The persons listed on Addendum A hereto are found to have validly excluded

themselves from the Settlement in accordance with the provisions of the Preliminary Approval Order.

**IT IS THEREFORE ORDERED, ADJUDGED AND DECREED THAT:**

9. The Agreement is finally approved as fair, reasonable, adequate, and in the best interests of the Settlement Class. The Parties are directed to consummate the Agreement in accordance with its terms. The Parties and Settlement Class members who did not timely exclude themselves from the Settlement Class are bound by the terms and conditions of the Agreement.

10. The following Settlement Class is hereby finally certified, solely for purposes of this settlement, pursuant to Federal Rule of Civil Procedure 23(b)(3):

> All individuals who have purchased, or have been charged for, a Software Product in the United States, its territories, or the District of Columbia from either cleverbridge Inc. or cleverbridge AG, as either a seller or reseller, during the period July 1, 2008 to the date on which the Court entered an order preliminarily approving the settlement.

11. The requirements of Rule 23(a) and (b)(3) have been satisfied for settlement purposes. The Settlement Class is so numerous that joinder of all members is impracticable; there are questions of law or fact common to the Settlement Class; the claims of the Plaintiffs are typical of the claims of the Settlement Class; the Plaintiffs will fairly and adequately protect the interests of the Settlement Class; and the questions of law or fact common to Settlement Class members predominate over any questions affecting only individual members.

12. The preliminary appointment of the following attorneys as Settlement Class Counsel is hereby confirmed:

> Jay Edelson
> Rafey S. Balabanian
> Ari J. Scharg
> Chandler R. Givens
> EDELSON MCGUIRE LLC
> 350 North LaSalle Street, Suite 1300
> Chicago, Illinois 60654

13. Settlement Class Counsel are experienced in class litigation, including litigation of similar claims in other cases, and have fairly and adequately represented the interests of the Settlement Class.

14. After having considered the objections of Christopher Waite and Patrick Powers, related filings, and arguments stated on the record, the objections are hereby overruled in their entirety.

15. The Action is hereby dismissed with prejudice and without costs. This dismissal shall not allow the Parties or any members of the Settlement Class to litigate or otherwise reopen issues resolved by this judgment, or included within the Released Claims or Released Conduct, but allows the Court to supervise the implementation and administration of the settlement. This judgment has been entered without any admission by Settling Defendants of liability or as to the merits of any of the allegations in the Complaint.

16. The Parties are directed to distribute the consideration to the Settlement Class pursuant to Section VI of the Agreement.

17. The Releasing Parties release and forever discharge the Released Parties from the Released Claims.

   A. As used in this Order, the "Releasing Parties" means each of the Plaintiffs, any Person in the Settlement Class (except a member of the Settlement Class who has obtained proper and timely exclusion as reflected in Addendum A), any Person claiming or receiving a Settlement Benefit, and each of their respective spouses, children, heirs, associates, co-owners, attorneys, agents, administrators, executors, devisees, predecessors, successors, assignees, representatives of any kind, shareholders, partners, directors, employees, or affiliates.

B.     As used in this Order, the "Released Parties" means cleverbridge, Inc., cleverbridge AG, and Uniblue, and their respective predecessors, successors, assigns, parents, subsidiaries, divisions, departments, and any and all of their past, present, and future officers, directors, employees, stockholders, partners, servants, successors, attorneys, representatives, insurers, subrogees and assigns of any of the foregoing.

C.     As used in this Order, the "Released Claims" shall mean any and all rights, duties, obligations, claims, actions, causes of action, damages, or liabilities, whether arising under local, state, or federal law, whether by statute, contract, common law, or equity, whether known or unknown, suspected or unsuspected, asserted or unasserted, foreseen or unforeseen, actual or contingent, liquidated or unliquidated that arise out of or relate in any way to: (1) the design, use, functionality, operation, and/or performance of the Software Products, (2) the marketing, advertising, offering, purchasing, sale, resale, distribution, use, display, performance or renewal of the Software Products and related services, including, but not limited to, entry into a subscription agreement, update and upgrade services and offerings, (3) warranties, representations, guarantees, promises, actions, or omissions relating to the Software Products, and (4) charges to, refunds granted (or not granted) to, or payments or chargebacks by, any customer, purchaser, and/or licensee for the Software Products or their license or subscription or renewal.

17.     The release in Paragraph 16 includes the release of all Unknown Claims. "Unknown Claims" means claims that could have been raised in this litigation and that Plaintiffs, any member of the Settlement Class or any Releasing Party, do not know or suspect to exist, which, if known by him, her or it, might affect his, her or its agreement to release the Released

Parties or the Released Conduct or might affect his, her or its decision to agree, object or not to object to the Settlement. Upon the Effective Date, Plaintiff, any member of the Settlement Class, or any Releasing Party shall be deemed to have, and shall have, expressly waived and relinquished, to the fullest extent permitted by law, the provisions, rights and benefits of § 1542 of the California Civil Code, which provides as follows:

> "A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR."

Upon the Effective Date, each of the Releasing Parties shall be deemed to have, and shall have, waived any and all provisions, rights and benefits conferred by any law of any state, the District of Columbia or territory of the United States, by federal law, or principle of common law, or the law of any jurisdiction outside of the United States, which is similar, comparable or equivalent to § 1542 of the California Civil Code. Plaintiffs, the Settlement Class, and the Releasing Parties acknowledge that they may discover facts in addition to or different from those that they now know or believe to be true with respect to the subject matter of the Release, but that it is their intention to finally and forever to settle and release the Released Claims, notwithstanding any Unknown Claims they may have, as that term is defined in this Paragraph.

19. As soon as practicable, but in no event later than a date fourteen (14) days after the Effective Date of the Agreement, Settling Defendants shall instituted the following:

    A. <u>Automatic Subscription Renewal Policies.</u> Until the earlier of (i) a date eighteen (18) months after the Effective Date, or (ii) such time as cleverbridge ceases to auto-renew licenses for Uniblue Software Products, include on their order website, checkout website or order confirmation website used in connection with the sale of Software Products a clear and

conspicuous statement containing the following elements: (a) in connection with an automatic renewal or subscription offering (including, without limitation, an Active Protection service offering), the fact that the customer's credit card, debit card, PayPal account and/or other payment method will be automatically charged on a recurring basis; (b) information about the price and date of (or time period until) subsequent automatic renewal charges, if any; and (c) a convenient and simple method of cancelling future automatic renewal or subscription charges (including, without limitation, an Active Protection service).

      B.     cleverbridge shall for a period of eighteen (18) months after the Effective Date, inform new customers in the United States about the fact that the customer is entering into a purchase and/or service agreement with cleverbridge.

      C.     Settling Defendants shall not, for a period of eighteen (18) months after the Effective Date, modify their refund policies with regard to the Software Products to the detriment of its United States customers.

      D.     <u>End User License Agreement/Terms of Use Disclosures</u>. Within fourteen (14) days of the Effective Date of this Agreement, and continuing for so long as Uniblue offers potential consumers any free registry scans using its RegistryBooster software, or a Software Product offering a similar registry scan, but in no event longer than eighteen (18) months after the Effective Date, Uniblue will include in those end user license agreements for RegistryBooster, or a Software Product offering a similar registry scan, statements substantially similar to the following if such statements are true and remain true for the particular product covered by the end user license agreement:

> Scans conducted with this software may detect computer errors that occur as a natural consequence of routine use of the Microsoft Windows Operating System,

as well as other errors that could have a detrimental effect on the operation of your computer. In some instances, one or more errors identified in the scan may be harmless and will not damage the health, performance, or operation of the computer system. Certain computer errors may consistently reappear and thus will be repeatedly detected by the software. Scans conducted with this software may also detect one or more files that are harmless, the presence of which will not damage the health, performance, operation, or privacy of your computer system.

19. The Court awards to Settlement Class Counsel U.S. $1,200,000.00, which shall include all attorneys' fees and reimbursement of expenses associated with the Action.

20. The Court awards to Plaintiffs U.S. $3,000.00, as a collective Incentive Award for their time and effort serving as the Class Representatives in this Action.

21. Without affecting the finality of this judgment, the Court retains exclusive jurisdiction of this Settlement, including without limitation, issues concerning its administration and consummation. The Court also retains exclusive jurisdiction over Settling Defendants, Plaintiffs, and Settlement Class members regarding the Agreement and this Final Judgment Order. Settling Defendants, Plaintiffs, and Settlement Class members are hereby deemed to have submitted irrevocably to the exclusive jurisdiction of this Court for any suit, action, proceeding, or dispute arising out of or relating to the Released Claims, this Order, and the Agreement, including but not limited to the applicability of the Released Claims, this Agreement, or this Order. Without limiting the generality of the foregoing, any dispute concerning the Agreement, including, but not limited to, any suit, action, arbitration, or other proceeding by a Settlement Class member in which the provisions of the Agreement are asserted as a defense in whole or in part to any claim or cause of action or otherwise raised as an objection, shall constitute a suit,

action, or proceeding arising out of or relating to this Order. Solely for purposes of such suit, action, or proceeding, to the fullest extent possible under applicable law, the parties hereto and all Settlement Class members are hereby deemed to have irrevocably waived and agreed not to assert, by way of motion, as a defense or otherwise, any claim or objection that they are not subject to the jurisdiction of this Court, or that this Court is, in any way, an improper venue or an inconvenient forum.

22. The Agreement and the proceedings and statements made pursuant to the Agreement or papers filed relating to the Agreement, and this Order, are not and shall not in any event be construed as, offered in evidence as, received in evidence as, and/or deemed to be evidence of a presumption, concession, or an admission of any kind by any of the Parties of (i) the truth of any fact alleged or the validity of any claim or defense that has been, could have been, or in the future might be asserted in the Action, any other litigation, court of law or equity, proceeding, arbitration, tribunal, investigation, government action, administrative proceeding, or other forum, or (ii) any liability, responsibility, fault, wrongdoing, or otherwise of the Parties. Defendants have denied and continue to deny the claims asserted by Plaintiffs. Nothing contained herein shall be construed to prevent a Party from offering the Agreement into evidence for the purposes of enforcement of the Agreement.

23. The certification of the Settlement Class shall be binding only with respect to the settlement of the Action. In the event that the Agreement is terminated pursuant to its terms or the Court's approval of the Settlement is reversed, vacated, or modified in any material respect by this or any other Court, the certification of the Settlement Class shall be deemed vacated, the Action shall proceed as if the Settlement Class had never been certified (including Settling Defendants' right to oppose any subsequent motion for class certification), and no reference to

the Settlement Class, the Agreement, or any documents, communications, or negotiations related in any way thereto shall be made for any purpose.

24. Based upon the Court's finding that there is no just reason for delay of enforcement or appeal of this Order notwithstanding the Court's retention of jurisdiction to oversee implementation and enforcement of the Agreement, the Court directs the Clerk to enter final judgment pursuant to Federal Rule of Civil Procedure 54(b).

**IT IS SO ORDERED.**

Dated this 7th day of December, 2012

_____
HONORABLE JOAN H. LEFKOW
UNITED STATES DISTRICT JUDGE

## Addendum A

The individuals listed below are found to have validly excluded themselves from the Settlement in accordance with the provisions of the Preliminary Approval Order.

1. B JANE BIGGS
2. DON BROCK
3. CYNTHIA PIPER
4. WILLIAM REID
5. AMY BECHERER
6. HAROLD CAMPBELL
7. WR LEWIS
8. MICHAEL WARD
9. DON STAPLES
10. STEVEN GREENE
11. MARY ELLEN MARVIN
12. LINDA BOUCHIER
13. MARIO VARELA
14. PAMELA SAMPSON
15. CHARLES W CARTER
16. JIM WYLIE
17. PHIL CORBIN
18. A. LOU BENASSI
19. JOYCE DREWRY
20. RONALD HARRISON
21. RICHARD DALZELL
22. ELLEN STILWELL